```
LAWRENCE G. BROWN
Acting United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>REAL PROPERTY LOCATED AT<br>4201 CAMERON ROAD, CAMERON PARK,<br>CALIFORNIA, EL DORADO COUNTY,<br>APN: 109-151-26-100,<br>INCLUDING ALL APPURTENANCES<br>AND IMPROVEMENTS THERETO,<br><br>          Defendant. | 2:08-CV-00991-LKK-DAD<br><br>**FINAL JUDGMENT OF FORFEITURE** |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1. This is a civil forfeiture action against certain real property located at 4201 Cameron Road, Cameron Park, El Dorado County, California, Assessor's Parcel Number: 109-151-26-100 (hereafter "defendant real property"), legal description:

> THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF EL DORADO, UNINCORPORATED AREA, AND IS DESCRIBED AS FOLLOWS:
>
> LOT 10 OF CAMERON PARK UNIT NO. 2, FILED IN THE OFFICE OF THE COUNTY RECORDER, COUNTY OF EL DORADO, STATE OF CALIFORNIA ON DECEMBER 28, 1959 IN BOOK C OF MAPS AT

1    PAGE 37.

2    ASSESSORS PARCEL NO.: 109-151-26-100

3    2.  A Verified Complaint for Forfeiture <u>In</u> <u>Rem</u> ("complaint") was filed on May 6, 2008, alleging that said real property is subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

3.  On May 20, 2008, the defendant real property was posted with a copy of the complaint and notice of complaint.

4.  On or about May 12, 2008, Wachovia Mortgage, FSB FKA World Savings Bank, FSB (hereafter "Wachovia") was served copies of the complaint, notice of complaint, application and order for publication, lis pendens, order requiring joint status report, notice of availability of voluntary dispute resolution, notice of availability of magistrate judge, and notice of forfeiture action by certified mail number 7006 2150 0001 6370 3894.  On May 20, 2008, the Internal Revenue Service personally served copies of the above-listed documents on Miguel Vasquez, Jr. (hereafter "Vasquez").

5.  On June 4, 11, 18, and 25, 2008, a Public Notice of Posting of the defendant real property appeared by publication in the *Mountain Democrat*, a newspaper of general circulation in the county in which the defendant real property is located (El Dorado County).  The Proof of Publication was filed with the Court on July 3, 2008.

6.  Wachovia filed a verified claim and answer alleging an interest in the defendant real property.  Vasquez filed a Claim of Ownership of Property alleging that he is the legal owner of the defendant real property, and filed an answer to the

2

1  complaint.

2      7.  No other parties have filed claims or answers in this
3  matter and the time for which any person or entity may file a
4  claim and answer has expired.

5      Based on the above findings, and the files and records of
6  the Court, it is hereby

7      ORDERED AND ADJUDGED:

8      1.  The Court adopts the Stipulation for Final Judgment of
9  Forfeiture entered into by and between the parties to this
10 action.

11     2.  Judgment is hereby entered against claimant Vasquez and
12 all other potential claimants who have not filed claims in this
13 action.

14     3.  All right, title and interest of Vasquez in the
15 defendant real property shall be forfeited to the United States
16 pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

17     4.  The Internal Revenue Service (or a designee) shall list
18 the defendant real property for sale.  The Internal Revenue
19 Service shall have sole authority to select the means of sale,
20 including sale by internet or through a licensed real estate
21 broker, and shall have sole authority over the marketing and sale
22 of the defendant real property.

23     5.  The Internal Revenue Service shall have the defendant
24 real property appraised by a licensed appraiser of its choosing.
25 The Internal Revenue Service and the appraiser may have access to
26 the defendant real property and structures, buildings, or storage
27 sheds thereon upon 24 hours telephonic notice.

28     6.  If necessary, the Internal Revenue Service, and any real

estate broker employed by the Internal Revenue Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

    7.   The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

        (a)   The costs incurred by the Internal Revenue Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

        (b)   Any unpaid real property taxes, which shall be prorated as of the date of the entry of this Final Judgment of Forfeiture.

        (c)   A real estate commission not to exceed the Internal Revenue Service contractual brokerage fee.

        (d)   The seller shall pay any county transfer taxes.

        (e)   To Wachovia, a sum to satisfy an indebtedness under the Deed of Trust recorded in the official records of El Dorado County as instrument number 2006-0006624-00 on January 31, 2006, in the original amount of $730,000.00 plus all unpaid interest at the contractual (not default) rate, plus any advances and costs incurred by Wachovia up to the date of the payoff of the loan, including, but not limited to any insurance advances, tax advances, and property preservation costs. As of May 22, 2008, the principal due and owing under the Note was $635,495.00. Interest

4

|   |   |   |
|---|---|---|
|   |   | will continue to accrue under the Note at an adjustable rate, which as of May 22, 2008, was 6.93% per annum or $120.66 per diem.  Reasonable attorneys fees in an amount not to exceed $3000 shall also be paid to Wachovia.  The exact amount to be paid to Wachovia shall be determined at time of payment. |
|   | (f) | To the United States of America: the net proceeds from the sale of the real property.  All right, title, and interest in said funds shall be substituted for the defendant real property and forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), to be disposed of according to law. |

8. The United States shall not enter into any contract for the sale of the real property unless it first determines that a distribution of the sale proceeds pursuant to Paragraph 7 will result in payment in full of Wachovia's loan debt as provided for in Paragraph 7(e).  In order to make such determination, the Internal Revenue Service shall obtain a current payoff statement from Wachovia.  If the Internal Revenue Service determines that Wachovia's loan debt will not be paid in full, the United States, at its option, may either continue to find a buyer at a sale price sufficient to result in full payment of Wachovia's loan debt or allow Wachovia to proceed with foreclosure of the real property.

9. Any liens or encumbrances against the defendant real property that appear on record subsequent to the recording

1 of plaintiff's *lis pendens* on May 16, 2008, and prior to the
2 close of escrow may be paid out of escrow.  The United States may
3 pay any such lien or encumbrance at its sole discretion.
4     10.  The costs of a lender's policy of title insurance
5 (ALTA policy) shall be paid for by the buyer.
6     11.  All loan fees, "points" and other costs of obtaining
7 financing shall be paid for by the buyer of the defendant real
8 property.
9     12.  Each party shall execute all documents necessary to
10 close escrow, if such signatures are required by the title
11 insurer.
12     13.  The Internal Revenue Service shall have nine (9) months
13 from the date of the entry of this Final Judgment of Forfeiture
14 within which to find a buyer satisfying Paragraph 8 above.  If
15 the Internal Revenue Service cannot find such a buyer within nine
16 (9) months, and the real property value subsequent to that time
17 is such that Wachovia's loan debt would not be paid in full in a
18 distribution under Paragraph 7, Wachovia shall have the option of
19 proceeding with foreclosure instead.
20     14.  Plaintiff United States of America and its servants,
21 agents, and employees and all other public entities, their
22 servants, agents, and employees, are released from any and all
23 liability arising out of or in any way connected with the
24 posting, forfeiture, or sale of the defendant real property,
25 whether by the Internal Revenue Service or by Wachovia exercising
26 its rights to foreclose as set forth in Paragraphs 8 and 13.
27 This is a full and final release applying to all unknown and
28 unanticipated injuries, and/or damages arising out of said

6

posting, forfeiture, or sale, as well as to those now known or disclosed.  The parties waive the provisions of California Civil Code § 1542.

15.  Claimant Vasquez has been in custody continuously since his arrest on April 24, 2008.  Consequently, claimant Vasquez has not occupied the defendant real property nor has he had the ability to maintain the property since his arrest.  Claimant Vasquez represents that he has not given any person permission to reside on the defendant real property, and he, as the sole owner of the residence, is the only person authorized to reside therein.

16.  Claimant shall make arrangements for the removal of all personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, and will leave the property clean and in the same state of repair as the property was on the date it was posted.  Any and all of claimant's personal possessions, and the personal possessions of any former occupant, not removed within 72 hours after the entry of this Final Judgment of Forfeiture will be disposed of by the United States without further notice.

17.  Pursuant to the stipulation of the parties, and allegations set forth in the Verified Complaint for Forfeiture <u>In Rem</u> filed May 6, 2008, the Court finds that there was reasonable cause for the posting of the defendant real property, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

18.  All parties are to bear their own costs and attorneys' fees, except as provided for herein.

7

19.  Pending the sale of the property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS 9th day of February, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, and the allegations set forth in the Verified Complaint for Forfeiture <u>In Rem</u> filed May 6, 2008, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT